UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANA and ANGELA DOTSON,

    Plaintiffs,

    v.

AMERICAN HONDA MOTOR CO., INC.
d/b/a ACURA and ED NAPLETON
ELMHURST IMPORTS, INC. d/b/a ED
NAPLETON ACURA,

    Defendants.

No. 10 C 5100
Judge James B. Zagel

MEMORANDUM OPINION AND ORDER

    This lawsuit arose from Plaintiffs' dissatisfaction with an Acura denominated as a "certified pre-owned" vehicle which is one current phrase used instead of "used car in good condition." I have no idea what the condition of the Plaintiffs' Acura was at the time of purchase. At this threshold (arguably a pre-threshold) stage the only dispute is which forum shall hear the case, an arbitrator or a judge. The case is an odd bird because the arguments are not centered on the arbitration agreement; the conflict centers on the consequences of what happened in open court when the case was effectively sent to arbitration.

    When Plaintiffs bought the car they signed an agreement with Ed Napleton Elmhurst Imports, Inc. ("Dealer") calling for arbitration of any dispute. The American Honda Motor Co. Inc. ("Maker") was not a party to the arbitration agreement. The agreement permitted a party to demand arbitration after a lawsuit was filed. The Plaintiffs sued the Dealer and the Maker. After the case was filed, Defendants filed a joint motion to compel arbitration. Often courts have granted such relief even to non-signatories of arbitration agreements in situations where the

claims against each defendant are largely, if not wholly, inseparable. This intertwining is present here, where the object of the dispute concerns the condition of one vehicle and representations made about that vehicle. The vehicle was "processed" or represented to have been "processed" in one way or another by both defendants.

The complaint, particularly with respect to Maker, is not confined to the Plaintiffs' car. Class relief would be sought as well–a common occurrence in litigation based upon a claimed common defect in or misrepresentation about a consumer product. The Maker and Dealer made clear their view that class claims could not be adjudicated in arbitration because the arbitration agreement did not authorize such relief. There is applicable precedent to support this argument. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 130 S.Ct. 1758 (2010). The class claims, if permitted, are obviously the most significant component of the remedies sought by Plaintiffs. They had no objection to arbitration so long as Defendants agreed there to arbitrate class claims. Defendants refused.

All of this was set forth in a written motion to compel arbitration. When counsel for the parties were in open court Plaintiffs' counsel did not ask to respond in writing to the motion to compel. He agreed to the entry of an order compelling arbitration. I understood (it would be difficult not to understand this) that his intent was to have the arbitrator determine whether the class claims could be addressed in arbitration over Defendants' opposition. I entered a minute order granting the motion to compel arbitration and stayed the proceedings to allow arbitration to proceed.

Plaintiffs filed their demand for arbitration. Off the parties went to the arbitrator who decided that class claims could not be heard within the ambit of the arbitration agreement. The

2

arbitrator further concluded that Maker did not have the right to take the dispute to arbitration since it was not a signatory to the agreement. This conclusion was based, in part, on his reading of applicable Illinois law. He also noted that I did not rule explicitly or implicitly that Maker had the right to demand arbitration. The arbitrator is a former judge with twenty years of service on an Article III court and, unsurprisingly, he has correctly discerned the limits of what I did and did not do.

This does not, however, end the matter with respect to Maker nor Dealer. It is undisputed that Dealer is subject to arbitration on the individual claim. Maker cannot rely upon the premise that I ruled as a matter of law that he has the right to demand arbitration. What Maker properly can rely on is my Order which grants the motion to compel arbitration. An Order entered on consent of the parties, rather than upon a judicial conclusion, reached after briefing or argument, is nonetheless an Order.[1] It has consequences and those consequences lie at the heart of the dispute here.

Plaintiffs interpret the prior proceedings as judicial approval of their purported offer to go to arbitration on the condition that refusal of the arbitrator to consider class claims empowers them to withdraw both the individual claim and the class claim from arbitration and proceed here with the original lawsuit.[2] But this is not what was said at the hearing. What was recognized at

---

[1]There may be cases in which an order based solely on consent is *patently* illegal or impossible to carry out but no claim is or could be made of the consent order entered in this case.

[2]I assume Plaintiffs' counsel wants to bring back to court both individual and class actions against Maker. I assume this is so because if the individual claim is left with the arbitrator who decides it, Plaintiffs' ability to "fairly and adequately protect the interests of the class" may be undermined. Fed. R. Civ. Pro. 23(a)(4). Where arbitration clauses between dealers and consumers are routine, then cases exactly like these are unlikely to qualify for class certification unless the plaintiffs sue only the Maker. As I read the allegations of the complaint it

3

the hearing was the possibility that even in a class claim properly before an arbitrator, there might be obstacles to proper resolution of class issues due to the limited power of arbitrators, e.g. to bind non-parties to arbitral awards, to secure evidence, to provide due process. There are good reasons generally to exclude class claims from arbitration agreements because it may be very difficult to determine in advance whether arbitration of a class claim is suitable in any particular case.

At the hearing, Plaintiffs' counsel could not have meant and was not understood by me to mean that he believed that the arbitrator would inevitably rule against class relief or that counsel himself believed that the class claims were legally unsupportable in arbitration proceedings. Plaintiffs' counsel has never objected to arbitration with Maker if the arbitration included claims for class relief. His complaint in arbitration was, in substance, no different than the one he filed before me.

If Plaintiffs' counsel thought that he had no good reason to agree to arbitration because he could not have a class wide remedy, he should have argued that Maker had no right to demand arbitration and secured my ruling one way or the other. Instead he took his chances at class relief in arbitration without ever representing to me that if he lost, he wanted a second chance. Had he done so, it might have changed my willingness to enter the Order at issue.

---

claims that there is no meaningful certification process so that using the empty phrase "certified"is simply a sham the salespeople can use to close a deal and the Maker is responsible for this state of affairs. It might be possible that, under this set of allegations, Plaintiffs could initiate meaningful class claims against American Honda and forego claims against Dealer. Obviously I do not express any view as to the merits of this approach since it is not the one taken by Plaintiffs here.

4

Plaintiffs' counsel agreed to take the case to arbitration and should not now be allowed to reverse course. He has waived any objection to the right of Maker to seek arbitration. This is not a situation in which a lawyer offers a stipulation which is accepted and then, two or three weeks later, realizes the error and seeks to withdraw it. A judge could well allow this where the stipulation has not affected the proceedings in the last weeks–no costs were incurred, no strategies changed, nothing meaningful occurred. Here there were months of litigation before the arbitrator, important rulings were made. Both Dealer and Maker are prejudiced by delay and cost occasioned by the conduct of the Plaintiffs.

The Maker offers three theories to justify foreclosing the claims made in this court. They are judicial estoppel, "mend-the-hold" and law of the case. I am reluctant to apply judicial estoppel, which is a narrow doctrine in this Circuit. *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420 (7th Cir. 1993). Judicial estoppel can be applied when one party argues "A" against the opponent's "Z," receives some benefit from the ensuing ruling and then turns around in another proceeding argues "Z" in order to prevail. In this case Plaintiffs' counsel was not contending "A" or "Z", he simply gave in to the result sought by his opponent. "Mend-the-Hold" is a better fit for this case. Plaintiffs agreed to arbitration with Maker because of what they believed the arbitrator could do. When that expectation proved wrong they sought to change their position on the arbitrability of the dispute with Maker. But this too is not quite a change of legal theory as defined in this Circuit. It is rather an attempt to revive an objection that could have been but was not made. *See In re Betzold,* 316 B.R. 906, 918 (Br.N.D. Ill. 2004) (abandoning in mid-stream its desire to be bound by arbitration agreement is violative of the "mend-the-hold" doctrine). Law of the case also fits here because I did enter an Order that

required arbitration which is the law of the case and not to be altered absent good reason to do so. *Tice v. American Airlines,* 373 F.3d 851, 853 (7th Cir. 2004).

The three doctrines are variant approaches to a core principle that litigants should rarely be allowed to change their minds when the other participants in the case have acted in significant reliance on the litigant's initial position. Some key decisions come early in the process, as this one did. Others may not come until opening statements at trial when a party decides which of the various theories supported by fact or expert discovery will be used. In this case, Plaintiffs chose arbitration because they thought they could win for a class in the arbitration. Significant time and money was spent by Maker and Dealer to show them they were wrong. To permit Plaintiffs to go back to square one on choice of forum is unjustified. There was a time and place to litigate the issue of class claims in this court. It was abandoned and now is lost.

Maker and Dealer ask that I enter summary judgment for them on Plaintiffs' claims. The arbitrator, upon Plaintiffs' motion, dismissed the arbitration without prejudice and allowed six months (only one of which has passed) for Plaintiffs to reinstate the arbitration. The apparent purpose of this was to allow them to pursue the individual claims if I did not allow them to revoke their previous consent to (and demand for) arbitration. To grant summary judgment for Maker and Dealer is to foreclose arbitration of those individual claims.

I decline to do so. The arbitral forum was one which Maker and Dealer both accepted and clearly wanted. The time and effort there has not been wasted and was anticipated by Defendants, who expected that the class claims and the arbitrator's power to decide them would be litigated. Defendants suffer no prejudice by allowing the arbitration to continue to resolution of the individual claims.

The individual claims can be heard now only in arbitration. The class claims cannot be heard in this court for the reasons stated above and, apparently, will not be heard in arbitration. On the grounds that there is no claim left to adjudicate in this Court, I dismiss the complaint in its entirety with prejudice.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. The case is DISMISSED with prejudice.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: March 30, 2012